# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Andrew Frierson | ) | |
| individually | ) | |
| and on behalf of all persons | ) | |
| similarly situated | ) CASE NO 18 CV 5375 | |
| as | ) | |
| members of the Collective as permitted | ) | |
| under the Fair Labor Standards Act; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Chicago Tech Academy | ) | |
| And Linnea Garrett and Tiara Wheatley | ) | |
| as an employers under the FLSA, | ) | |
| IMWL and IWPCA | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | **ON ALL COUNTS** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS'
## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Andrew Frierson, individually and on behalf of all others similarly situated, as a Collective representative, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and the Chicago Minimum Wage Law (CMWL) and brings this cause of action against Defendant Chicago Tech Academy.., (hereinafter "Defendant"), and Linnea Garrett and

1

Tiara Wheatley individually under the FLSA, IMWL and IWPCA and in so doing states the following:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff, Andrew Frierson alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that he, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week and more specifically Plaintiff alleges that Defendants failed to pay over time for work-time during which Plaintiffs and Collective worked over forty (40) hours. Defendant rather pays all its employees who work over forty hours straight time for overtime work hours.

2. Plaintiff also brings a separate claim for minimum wage violations pursuit to the FLSA, IMWL and CMWL. This Minimum Wage Claim is result of Plaintiff working a Freshman Student orientation event in August of 2016. This claim is based on Plaintiff working the event and working for eight (8) days for five hours per day, over a two-week period August 1 to August 10, 2016. Thus, in this 10 day period Plaintiff worked approximately forty (40) hours but Plaintiff was not paid a dime for the 40 hours of work, thus he is owed minimum wages (plus liquidated damages, 2% IMWL penalties, CMWL treble damages, Fees and Costs).

3. Plaintiff requested payment of these 40 hours of work. Plaintiff requested payment first orally, then in emails to the Defendant's administration and/or the individual Defendants.

4. These requests for payment were made directly to Linnea Garrett, the Principal of the school.

5. Plaintiff's requests for payment were made in writing in September of 2016. Defendants responded to the request by claiming Plaintiff worked 40 hours for free or as a "volunteer".

6. However, Plaintiff clearly did not volunteer (not that such would be legal), as he was initially told by his supervisor that he could "work" the event, not that he would be volunteering. At no time in that scheduling discussion did the supervisor ever say that Plaintiff was working for free.

7. Further, Plaintiff's paid status is shown by the shear volume of the work being forty hours; this is not a small amount of time, or some off-hand, short community event, or charity happening.

8. Further, Plaintiff did not receive any notice, form or agreement that the work event was unpaid/volunteer, until after the work was done and then the notice only a post-work claim of volunteerism.

9. Further Plaintiff's paid status as a non-volunteer was shown by his protest of non-payment shortly after the event and repeated demand for payment.

10. Lastly, all the other employees of the Defendant were paid for their work at the event.

11. Plaintiff also brings a claim of FLSA and IWPCA retaliation.

12. Plaintiff brings the retaliation claims based on the following facts:

    a. Plaintiff was terminated after complaining about lack of payment of wages.

    b. Plaintiff was terminated for bogus and false reasons.

    c. Plaintiff was disciplined for false and bogus reasons after complaining about wage issues.

13. Plaintiff also brings a separate claim for failure to pay full sports "stipend" brought under the IWPCA.

14. Plaintiff complained of this failure to pay agreed to wages to the Assistant Principal Tiara Wheatley.

15. Plaintiff also brings a separate claim for failure to repay business expenses brought under the IWPCA.

**FACTS RELATED TO**

**PLAINTIFF'S FLSA RETALIATION CLAIM**

16. Plaintiff brings a claim of FLSA and IWPCA retaliation for an employment termination based on Plaintiff's request for proper payment of minimum wages and Agreed-To wages.

17. In August of 2016 Plaintiff worked 40 hours for which Plaintiff was not paid. (See above).

18. Plaintiff asked for payment many times, including in February of 2017 shortly before his termination.

19. Shortly after this February of 2017 request, Plaintiff was fired for false reasons.

20. The false reasons included that Plaintiff missed two work days. However, Plaintiff had received permission to be absent on those two work days, and Plaintiff was

4

absent for proper and correct reasons, including family illness. Thus Plaintiff was fired for taking time off, for which Plaintiff received permission to take time off for.

21. Plaintiff's false reasons for termination also shown by pre-termination written discipline for a false reason: Plaintiff was accused of not caring for a handicapped student. The truth is that Plaintiff was not charged and/or responsible for that student at that time, as the parents of the child were in the care-taking role at that time. Yet Plaintiff was disciplined, despite having no responsibility for that care-taking.

22. Finally, Plaintiff was terminated and given no written notice of his termination.

23. Plaintiff was harmed by the termination, via lost wages and other damages.

24. Plaintiff was completely unemployed for three months; February to May of 2017.

25. Plaintiff was under-employed for six months: from May to October of 2017.

26. Plaintiff had worked for Defendant without any discipline or complaints for several years (other than the discipline discussed above), thus the termination was without any cause, other than retaliation for asking for his minimum wages.

## COLLECTIVE FACTS

27. This action is brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

28. Plaintiff's federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

29.     Plaintiff, in his Collective claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

30.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

31.     This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiffs seek application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA").

32.     The Court is authorized to issue a declaratory judgment.

33.     Venue is proper in this Court.

34.     Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFF

35.     Plaintiff is a resident of the State of Illinois.

36.     Plaintiff was an hourly (non-exempt) employee of Defendants.

37.     Plaintiff was paid none of his overtime wages, rather was paid straight time for overtime work.

**DEFENDANTS FACTS**

38.     Defendant, Chicago Tech Academy HS., is a corporation or business which does business in Illinois.

39.     Defendant is a provider education in Chicago.

40.     Defendant employs approximately 40-50 full time and part time hourly employees.

41.     All these employees are similarly situated to the Plaintiff as they all worked overtime hours occasionally and were not paid overtime rate of pay, rather were paid straight time rate of pay for overtime work hours.

**SPECIFIC WEEK BY WEEK ALLEGATIONS**

42.     Plaintiff's include specific week by week allegations, as some District Judge's have required specific allegations, the following specific allegations are NOT all the hours owed, rather is an example of minimum wages owned.

43.   Plaintiff alleges that from August 1 to August 10 2016, Plaintiff was not paid any wages for 40 hours of work.

**COLLECTIVE ACTION ALLEGATIONS**

**The FLSA Collective Action**

44.     Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all hourly employees of Defendant who were, are, or will be employed by Defendant

during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

45. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiff, since the FLSA claims of the Plaintiff are similar to the FLSA claims of all hourly employees employed by Defendant.

46. Defendant is liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied proper payment of the overtime wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## STATEMENT OF FACTS

### A. Defendant policies and procedures and Compensation Practices fail to pay overtime rate of pay for overtime work hours

47. Plaintiff was employed by Defendant as an employee of the Defendant who work beyond forty hours, but for which Defendants failed to pay overtime rate of pay for overtime hours of work as alleged in detail elsewhere in the complaint.

48. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendant employees.

49. Defendants (including the individual Defendants) were knowledgeable that they were not paying all overtime hours worked at an overtime rate of pay and/or other wage violations found herein.

50. At all relevant times, Defendant operated entity engaged in interstate commerce and which utilized goods which moved in interstate commerce.

51. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum.

52. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

53. Defendant's budget/revenue was in excess of $500,000 per year each year for the last three years.

54. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

55. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

56. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, erseq.

57.  At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*

58.  No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiffs.

### Defendant's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations

59.  Defendant required and permitted Plaintiff, the Collective, and the FLSA Collective, to work more than 40 hours in a week.  Defendant did not pay Plaintiff, the Collective, and the FLSA Collective the Plaintiff and Collective for all work time and all overtime hours worked at overtime rate of pay.

60.  Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

61.  All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

62.  All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

### FIRST CLAIM FOR RELIEF
**Plaintiff's claims Against Defendant
Under the Illinois Minimum Wage Law "IMWL"**

63.  Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

64.     Plaintiff was an employee of the Defendant pursuant to the IMWL.

65.     Plaintiff was employed by Defendant as an hourly employee.

66.     It is and was at all relevant times, a policy of Defendant to not pay for all overtime rate of pay for overtime hours worked, as alleged in detail elsewhere in this complaint.

67.     Plaintiff also presents all other wage claims discussed in this complaint as contained herein.

68.     The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's hourly employees.

69.     As a result of the foregoing, Plaintiffs and members of the Collective have been damaged in an amount to be determined at trial.

70.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM

### Individual Action Against Defendant
### Under Illinois Wage Payment and Collection Act "IWPCA"

**By Plaintiff for owed Football Stipend  and repayment of business expenses**

71.     Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

72.     Plaintiff was employed by Defendants.

73.     This cause of action arises out of employment contracts or agreements; written and/or oral.

74.     Plaintiff was not an independent contractor, rather was an employee of the Defendant by oral agreement, written agreement and/or contract.

75.     Plaintiff's employment were in the usual course of business for which such service is performed.

76.     Plaintiff does not possess a proprietary interest in the Defendant.

77.     The Defendant is an "employer" under the terms of the IWPCA section 2.

78.     In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

79.     The individual Defendants are named under this provision, as they who "knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

80.     Plaintiff and Defendant entered into an IWPCA Agreement, that Plaintiff was to receive a full and complete payment of an Agreed-To football stipend.

81.     After Plaintiff performed the work, (coached the children for semester), Defendant failed to pay the entire owed and agreed to stipend, shorting Plaintiff by $200.00.

82.     Plaintiff also had an agreement and or policy and procedure of Defendant to be repaid expenses, and Plaintiff was not repaid for a substantial expense, despite repeated requests for that payment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, pray for the following relief:

A judgment for all owed wages;
B. Compensatory and punitive damages as allowed under IWCPA:
C. Reasonable attorney's fees;
D. Costs incurred in filing this action; and
E.  Such other and further relief as this Court deems appropriate and just

## THIRD CLAIM FOR RELIEF
**On Behalf of Plaintiff and Collective Against
Defendants
For violations of the FLSA**

83.     Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

84.     The Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

85.     The Collective claims include all employees which Defendant has failed to pay proper overtime rate of pay as detailed elsewhere in the complaint.

86.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

87.     At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

88.    At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Collective, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay for overtime hours.

89.    At all relevant times, the work performed by employees including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

90.    As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Collective, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

91.    The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

92.    Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

93.     Plaintiff, on behalf of himself and all FLSA Opt-Ins, seek recovery of attorneys'
fees and costs of action to be paid by Defendant, as provided by the FLSA, 29
U.S.C. § 216(b).

94.     Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b),
attached to this complaint as Exhibit 1.

95.     At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were employed
by Defendant within the meaning of the FLSA.

96.     At all times relevant to this action, Plaintiff and all FLSA Opt-Ins were engaged
in commerce and/or the production of goods for commerce and/or Defendant
were an enterprise engaged in commerce or in the production of goods for
commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

97.     Due to Defendant's FLSA violations, Plaintiff  and all FLSA Opt-Ins are entitled
to recover from Defendant their unpaid compensation, an additional equal amount
as liquidated damages, additional liquidated damages for unreasonably delayed
payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to
29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA
title 29, § 206, provides that every employer shall pay to each of his employees
who is engaged in interstate or foreign commerce or in the production of goods
for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the IWML Collective,
IWPCA Collective, and the FLSA Collective, pray for the following relief:

A.     That, at the earliest possible time, the Plaintiff be allowed to give notice of these Collective actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendant and failed to pay its employees over time rate of pay for all overtime hours of work.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

C.     Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

D.     Compensation originating from Defendant's policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.     An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F.     Certification of this case as a Collective action;

G.     Designation of the Plaintiffs as representatives of the Collective and counsel of record as Collective Counsel;

H.     Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

16

I.      Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

J.      Attorneys' fees in accordance with all applicable laws, Illinois Law and FLSA.

K.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

L.      Liquidated damages in accordance with the FLSA;

M.      Consequential damages;

N       Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O.      A 2% penalty as per IWML.

P.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

Q.      and costs of this action; and

R.      Such other relief as this Court shall deem just and proper.

**FOURTH CLAIM**
**RETALIATION FOR FLSA WAGE CLAIMS**
**ASSERTED BY**
**PLAINTIFF**

98.     Plaintiff realleges and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

99. Plaintiff brings a claim of FLSA retaliation for an employment termination based on Plaintiff's request for proper payment of minimum wages.

100. In August of 2016 Plaintiff worked 40 hours for which Plaintiff was not paid. (See above).

101. Plaintiff asked for payment many times, including in February of 2017 shortly before his termination.

102. Shortly after this February of 2017 request, Plaintiff was fired for false reasons.

103. The false reasons included that Plaintiff missed two work days. However, Plaintiff had received permission to be absent on these work days, and Plaintiff was absent for proper and correct reasons, including family illness. Thus Plaintiff was fired for taking time off, for which Plaintiff received permission to take time off for.

104. Plaintiff's false reasons for termination also shown by pre-termination written discipline for a false reason: Plaintiff was accused of not caring for a handicapped student, when Plaintiff was not charged and/or responsible for that student at that time, as the parents of the child were in the care-taking role at that time. Yet Plaintiff was disciplined, despite having no responsibility for that care-taking.

105. Finally, Plaintiff was terminated and given no written notice of his termination.

106. Plaintiff was harmed by the termination, via lost wages and other damages.

107. Plaintiff was completely unemployed for three months; February to May of 2017.

108. Plaintiff was under-employed for six months: from May to October of 2017.

109. Plaintiff had worked for Defendant without any discipline or complaints for several years (other than the discipline discussed above), thus the termination was without any cause, other than retaliation for asking for his minimum wages.

110.    Defendant's retaliations were all based on Plaintiff's requests for payment of Minimum wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, pray for the following relief:

A.      All owed wages;

B.      All wages that would have been earned, but for the retaliatory termination of Plaintiff's employment.

C.      Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

D.      Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

F.      Attorneys' fees and costs of this action; and

G.      Such other relief as this Court shall deem just and proper.

H.      Legal or equitable relief as may be appropriate to **e**ffectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I.      Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J.    Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

### FIFTH CLAIM

### RETALIATION FOR IWPCA WAGE CLAIMS
ASSERTED BY
PLAINTIFF

111.    Plaintiff realleges and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

112. Plaintiff brings a claim of IWPCA retaliation for an employment termination based on Plaintiff's request for proper payment of Agreed-To wages.

113. In August of 2016 Plaintiff worked 40 hours for which Plaintiff was not paid. (See above).

114. Defendant had agreed to pay these wages, as Plaintiff asked if he could "work" and Defendant agreed he could work. While Defendant later claimed no such agreement, Plaintiff's persistence in demanding his owed wages lead to his termination.

115. Plaintiff asked for payment many times, including in February of 2017 shortly before his termination.

116. Shortly after this February of 2017 request, Plaintiff was fired for false reasons.

117. The false reasons included that Plaintiff missed two work days. However, Plaintiff had received permission to be absent on these work days, and Plaintiff was absent for proper and correct reasons, including family illness. Thus Plaintiff was fired for taking time off, for which Plaintiff received permission to take time off for.

118. Plaintiff's false reasons for termination also shown by pre-termination written discipline for a false reason: Plaintiff was accused of not caring for a handicapped student, when Plaintiff was not charged and/or responsible for that student at that time, as the parents of the child were in the care-taking role at that time. Yet Plaintiff was disciplined, despite having no responsibility for that care-taking.

119. Finally, Plaintiff was terminated and given no written notice of his termination.

120. Plaintiff was harmed by the termination, via lost wages and other damages.

121. Plaintiff was completely unemployed for three months; February to May of 2017.

122. Plaintiff was under-employed for six months: from May to October of 2017.

123. Plaintiff had worked for Defendant without any discipline or complaints for several years (other than the discipline discussed above), thus the termination was without any cause, other than retaliation for asking for his minimum wages.

124. Defendant's retaliations were all based on Plaintiff's requests for payment of agreed to wages.

125. Alternatively or additionally, Plaintiff also asked the Defendant to repay business expenses.

126. Plaintiff has a right to repayment of business expenses under the IWPCA.

127. Defendant's retaliations were all based on Plaintiff's requests for payment of business expenses.

128. Plaintiff also had an agreement and or policy and procedure of Defendant to be repaid expenses, and Plaintiff was not repaid for a substantial expense, despite repeated requests for that payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, pray for the following relief:

A judgment for all owed wages and lost wages;
B. Compensatory and punitive damages as allowed under IWCPA:
C. Reasonable attorney's fees;
D. Costs incurred in filing this action; and
E. Such other and further relief as this Court deems appropriate and just.

## SIXTH CLAIM

### Claims by Plaintiff

### For Defendants Violations of the

### Chicago Minimum Wage Law (CMWL)

129.    Plaintiff realleges and incorporate by reference all paragraphs contained in this complaint, as if fully set forth herein.

130.    The CMWL requires payment of a minimum wage as follows: The City's ordinance raises the hourly minimum wage to **$10.50** in July of 2016.

131.    Plaintiff worked 40 hours unpaid in August of 2016.

132.    Defendant is located in the City of Chicago.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, prays for the following relief:

A.    All owed wages, regular rate and overtime rate, as owed in accord with the CMWL;

B.    A finding that Defendant Employer violated this chapter or any regulation promulgated thereunder and therefore is subject to a fine of not less than $500.00 nor more than $1,000.00 for each offense. Each day that a

violation continues shall constitute a separate and distinct offense to which a separate fine shall apply. Chapter 24 of the Chicago Code § 1-24-100

C.    A finding for FLSA liquidated damages for violations of the FLSA for failure to pay proper minimum wage rate.

D.    Finding the Plaintiff is owed three times (treble damages) the amount of any such underpayment, together with costs and such reasonable attorney's fees as the court allows. Chapter 24 of the Chicago Code § 1-24-110.

E.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under the CMWL and supporting Illinois Department of Labor regulations and other state wage laws;

F.    Attorneys' fees and costs of this action; and

G.    Such other relief as this Court shall deem just and proper.


**DEMAND FOR TRIAL BY JURY**


Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 7, 2018

Respectfully submitted,

By:    _____-S-John C. Ireland_____
       John C. Ireland

       Attorney for the Plaintiffs and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177

630-464-9675
Facsimile 630-206-0889                    attorneyireland@gmail.com